OSCN Found Document:BRASSFIELD v. STATE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 BRASSFIELD v. STATE
2024 OK 9
Case Number: 119998
Decided: 02/27/2024
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2024 OK 9, __ P.3d __

 

 

ANDREW DALE BRASSFIELD, Plaintiff/Appellant,
v.
STATE OF OKLAHOMA, Defendant/Appellee.

ON CERTIORARI FROM THE COURT OF CIVIL APPEALS, DIVISION III

¶0 Appellant sought to expunge his arrest records pursuant to 22 O.S. Supp. 2022, § 18(A). The Oklahoma State Bureau of Investigation objected, arguing that Appellant was not qualified for expungement because he had pending charges against him due to an ongoing investigation by the federal government and the Cherokee Tribe. The district court denied Appellant's petition. Appellant appealed, and the Court of Civil Appeals affirmed. We granted certiorari. We hold that an ongoing investigation into potential criminal charges is not a pending charge under Section 18(A), and Appellant qualified to seek expungement.

COURT OF CIVIL APPEALS' OPINION VACATED; 
DISTRICT COURT'S JUDGMENT REVERSED;
REMANDED WITH INSTRUCTIONS.

James Justin Greer, Matthew Ryan Tarvin, William R. Tomlinson and Meghan B. O'Connor, Greer and Tarvin, PLLC, Claremore, Oklahoma, for Appellant.

Shannon J. Desherow, Assistant General Counsel, Oklahoma State Bureau of Investigation, Oklahoma City, Oklahoma, for Appellee.

Winchester, J.

¶1 Appellant Andrew Dale Brassfield (Brassfield) appeals the denial of his petition for expungement of his criminal records. The district court held that Brassfield was not entitled to relief because criminal charges were "pending" against Brassfield within the meaning of the Expungement of Criminal Records statute, 22 O.S. Supp. 2022, § 18(A) (hereinafter Section 18(A)). We reverse the district court's judgment, holding that the district court's decision is contrary to the plain language of Section 18(A). An ongoing investigation into potential criminal charges is not a pending charge under Section 18(A), and the prosecuting agency in this case cannot refile the criminal charge at issue against Appellant because the State of Oklahoma lacks jurisdiction. Appellant qualified to seek expungement.

FACTS AND PROCEDURAL HISTORY

¶2 On December 17, 2020, Brassfield filed a petition for expungement of his criminal records in multiple felony and misdemeanor cases in Rogers County. Specifically, the relevant cases were the following: (1) Case No. CM-2018-1202, involving the possession of a controlled dangerous substance and failure to provide insurance verification; (2) Case No. CM-2002-1744, involving public intoxication; (3) Case No. CM-2004-1362, involving the transportation of an open container; (4) Case No. CM-2004-1361, involving driving under the influence and the possession of a controlled dangerous substance; (5) Case No. CM-2003-926, involving the larceny of merchandise and unlawful possession of drug paraphernalia; (6) Case No. CF-2019-288, involving a count for the possession of a controlled dangerous substance with the intent to distribute; and (7) several traffic offenses.[1] In his petition, Brassfield cited various subsections of Section 18(A) that he alleged applied to the crimes involved: subsections (1), (7), (8), (9), (10), (11), and (15).[2] One of the requirements of subsections (7) through (11) for a petitioner to be eligible for expungement is that the person has no felony or misdemeanor charges pending against him and the statute of limitations for refiling the charges has expired or the prosecuting agency confirms that the charges will not be refiled.

¶3 After Brassfield filed his petition for expungement but before the hearing on his petition, the Rogers County District Attorney charged Brassfield with knowingly concealing stolen property in Case No. CF-2021-65. On February 4, 2021, the Oklahoma State Bureau of Investigation (OSBI) filed an objection to Brassfield's petition for expungement, claiming Brassfield did not qualify for expungement due to the pending case (No. CF-2021-65) in Rogers County. On April 15, 2021, the district court dismissed Case No. CF-2021-65 for lack of jurisdiction under McGirt v. Oklahoma, 591 U.S. __, 140 S. Ct. 2452 (2020). Brassfield is a member of the Cherokee Tribe, and the offense was allegedly committed in Indian Country.

¶4 Brassfield filed an amended petition for expungement. However, OSBI did not withdraw its objection, arguing the conduct that gave rise to criminal Case No. CF-2021-65 was still "pending" because both the Cherokee Nation and the United States District Attorney's Office for the Northern District of Oklahoma had ongoing investigations into Brassfield. The district court denied Brassfield's petition for expungement, and Brassfield appealed. The Court of Civil Appeals (COCA) affirmed, holding the criminal charge was still "pending" as there was no disposition on the merits and investigations were still ongoing. This Court granted certiorari.

STANDARD OF REVIEW

¶5 The right to expungement of criminal records is governed by statute. The issues in this appeal concern the district court's legal interpretation of Oklahoma's Expungement of Criminal Records, Section 18(A). Statutory construction poses a question of law; the correct standard of review is de novo. State ex rel. Protective Health Servs. State Dep't of Health v. Vaughn, 2009 OK 61, ¶ 9, 222 P.3d 1058, 1064. Under the de novo standard of review, the Court has plenary, independent, and non-deferential authority to determine whether the district court erred in its legal rulings. Id.

DISCUSSION

¶6 Section 18(A) governs who qualifies to petition for the remedy of expungement. To qualify for expungement, Brassfield must meet the following conditions:

1. Brassfield was charged with one or more misdemeanor or felony crimes;

2. All the charges have been dismissed;

3. Brassfield has never been convicted of a felony;

4. No misdemeanor or felony charges are pending against Brassfield; and,

5. The statute of limitations for refiling the charge has expired or the prosecuting agency confirms that the charge will not be refiled.

See 22 O.S. Supp. 2022, § 18(A).

¶7 The issues before this Court concern the fourth and fifth conditions: whether Brassfield has met the requirements that (a) he has no felony or misdemeanor charges pending against him, and (b) the statute of limitations for refiling has expired or the prosecuting agency confirmed that the charge will not be refiled.

¶8 When the Court examines a statute, our primary goal is to determine legislative intent through the "plain and ordinary meaning" of the statutory language. In re Initiative Petition No. 397, 2014 OK 23, ¶ 9, 326 P.3d 496, 501. Because the Legislature expresses its purpose by words, the plain meaning of a statute is deemed to express legislative authorial intent in the absence of any ambiguous or conflicting language. Id. Our Court has relied on dictionary definitions to provide the plain, ordinary meaning of terms. See, e.g., U.S. Fid. & Guar. Co. v. Briscoe, 1951 OK 386, ¶ 10, 239 P.2d 754, 757.

¶9 The crux of the first issue as to whether Brassfield has any pending criminal charges against him is our interpretation of the terms "charges" and "pending," and the terms must be construed together to determine the plain meaning of Section 18(A).

¶10 Black's Law Dictionary defines "charge" as a "formal accusation of a crime as a preliminary step to prosecution." Charge, Black's Law Dictionary (11th ed. 2019). It also defines "charge" as accusing a person of criminal conduct. Id. This accusation is done through a "charging instrument," which is a formal document--either an indictment or information--that sets forth an accusation or a crime. Charging Instrument, Black's Law Dictionary (11th ed. 2019). Black's Law Dictionary defines "pending" as "remaining undecided; awaiting decision." Pending, Black's Law Dictionary (11th ed. 2019).

¶11 Synthesizing these definitions, Brassfield must not have a formal misdemeanor or felony charge against him that remains to be decided. Here, the district court dismissed the charge in Case No. CF-2021-65 for lack of jurisdiction, and Brassfield had no pending charges against him.

¶12 OSBI argues that the investigation into Brassfield's conduct by other agencies amounts to a pending charge. However, the statute plainly states that criminal charges must be pending against Brassfield--not a criminal investigation. A criminal investigation into whether an individual's conduct is chargeable as a crime is not the same as the individual having a pending felony or misdemeanor charge. To hold otherwise would allow potential criminal charges to be "pending" indefinitely against an individual while other agencies investigated. We hold that Brassfield had no pending criminal charge against him within the meaning of Section 18(A).

¶13 OSBI also asserts that although the district court dismissed CF-2021-65, the statute of limitations had not expired and Brassfield failed to show that neither the federal government nor the Cherokee Tribe would prosecute the case.

¶14 However, Section 18(A) states that Brassfield must show that the charge will not be refiled by the prosecuting agency. See 22 O.S. Supp. 2022, § 18(A). This issue involves our interpretation of the term "refile." To refile means "to file (something) again"[3] or "to officially record something, especially in a law court, for a second, third, etc. time."[4]

¶15 In this case, the Rogers County District Attorney's Office, the prosecuting agency, cannot refile the charge because the State of Oklahoma lacks jurisdiction. The jurisdiction for the alleged offense in Case No. CF-2021-65 rests with either the federal government or the Cherokee Nation. Even if the federal government or the Cherokee Nation files a charge against Brassfield, the charge will not be "refiled." The charge will not be the same as the charge filed by the Rogers County District Attorney's Office as the charge will not involve state law. The requirement that the prosecuting agency will not refile the charge is thus satisfied, and Brassfield qualified to seek expungement under Section 18(A).

CONCLUSION

¶16 Oklahoma law sets forth a clear, step-by-step framework for evaluating a request for expungement. The first step is to determine if the petitioner is one of the persons allowed to request expungement in the first instance. 22 O.S. Supp. 2022, § 18. In this case, we hold that Brassfield qualified to seek expungement. When an individual establishes that one of the Section 18(A) circumstances exists, a prima facie showing of harm is made.[5] With this showing, the burden shifts to the opposing party, in this case OSBI, to prove that keeping Brassfield's records public does not harm privacy interests and would serve the ends of justice. To assess what the ends of justice require, the district court is to balance the harm to privacy or other unwarranted adverse consequences to the individual against the public interest in the records. Id. § 19(F).[6]

¶17 Since the district court ruled solely on the issue of whether Brassfield was qualified to seek expungement, OSBI did not present any evidence for the district court to determine whether there was any public interest in keeping the records open. We reverse and remand with directions to the district court to balance the harm to Brassfield against the relevant evidence, if any, regarding the public interest in keeping his arrest records open. We note that for purposes of remand, the district court has great flexibility in crafting expungement orders that serve the interests of justice. 22 O.S. Supp. 2022, § 19(F).

¶18 Based upon our analysis, we reverse the district court's ruling and remand for proceedings consistent with this opinion.

COURT OF CIVIL APPEALS' OPINION VACATED; 
DISTRICT COURT'S JUDGMENT REVERSED;
REMANDED WITH INSTRUCTIONS.

CONCUR: Rowe, V.C.J., Kauger, Winchester, Edmondson, Combs, Gurich, and Kuehn, JJ.

DISSENT: Kane, C.J., and Darby, J. (by separate writing).

FOOTNOTES

[1] The Court of Civil Appeals reversed the district court's ruling regarding one other criminal case and an additional count in Case No. CF-2019-288; those cases are not at issue before this Court.

[2] The applicable subsections are as follows:

A. Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories:

. . .

1. The person has been acquitted;

. . .

7. The person was charged with one or more misdemeanor or felony crimes, all charges have been dismissed, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person and the statute of limitations for refiling the charge or charges has expired or the prosecuting agency confirms that the charge or charges will not be refiled; provided, however, this category shall not apply to charges that have been dismissed following the completion of a deferred judgment or delayed sentence;
8. The person was charged with a misdemeanor, the charge was dismissed following the successful completion of a deferred judgment or delayed sentence, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person and at least one (1) year has passed since the charge was dismissed;
9. The person was charged with a nonviolent felony offense not listed in Section 571 of Title 57 of the Oklahoma Statutes, the charge was dismissed following the successful completion of a deferred judgment or delayed sentence, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person and at least five (5) years have passed since the charge was dismissed;
10. The person was convicted of a misdemeanor offense, the person was sentenced to a fine of less than Five Hundred One Dollars ($501.00) without a term of imprisonment or a suspended sentence, the fine has been paid or satisfied by time served in lieu of the fine, the person has not been convicted of a felony and no felony or misdemeanor charges are pending against the person;
11. The person was convicted of a misdemeanor offense, the person was sentenced to a term of imprisonment, a suspended sentence or a fine in an amount greater than Five Hundred Dollars ($500.00), the person has not been convicted of a felony, no felony or misdemeanor charges are pending against the person and at least five (5) years have passed since the end of the last misdemeanor sentence;

. . .

15. The person has been charged or arrested or is the subject of an arrest warrant for a crime that was committed by another person who has appropriated or used the person's name or other identification without the person's consent or authorization.

22 O.S. Supp. 2022, § 18(A).

[3] Refile, Meriam-Webster.Com Dictionary (2023), available at www.merriam-webster.com/dictionary/direct.

[4] Refile, Cambridge Dictionary (2023), available at https://dictionary.cambridge.org/us/dictionary/english/refile.

[5] State v. McMahon, 1998 OK CIV APP 103, ¶ 4, 959 P.2d 607, 608; see also Hoover v. State, 2001 OK CR 16, ¶ 6, 29 P.3d 591, 594 ("There is a prima facie showing of harm when a circumstance enumerated in 22 O.S. § 18 is shown to exist.").

[6] Section 19(F) states:

Upon a finding that the harm to privacy of the person in interest or dangers of unwarranted adverse consequences outweigh the public interest in retaining the records, the court may order such records, or any part thereof except basic identification information, to be sealed. If the court finds that neither sealing of the records nor maintaining of the records unsealed by the agency would serve the ends of justice, the court may enter an appropriate order limiting access to such records.

22 O.S. Supp. 2022, § 19(F).

 

 

Darby, J., dissenting:

¶1 I respectfully dissent to the majority opinion because it does not accurately state, or apply, the particular portion of title 22, Section 18(A) applicable to Mr. Brassfield's Petition for Expungement of his criminal record. I agree that Mr. Brassfield has no criminal charges pending against him. In addition to showing no pending charges, the category Mr. Brassfield hopes to fit within requires him to also show:

. . . the statute of limitations for refiling the charge or charges has expired or the prosecuting agency confirms that the charge or charges will not be refiled; . . . .

22 O.S. Supp. 2022, § 18(A). The majority opinion rephrases this portion of the statute a couple of different ways. In paragraph 14:

However, Section 18(A) states that Brassfield must show that the charge will not be refiled by the prosecuting agency.

And in paragraph 15:

The requirement that the prosecuting agency will not refile the charge is thus satisfied.

Those statements by the majority do not correctly recite what Mr. Brassfield must show the court -- that the prosecuting agency confirms that the charge or charges will not be refiled.

¶2 I cannot agree with the conclusion that Mr. Brassfield satisfied this requirement by showing that the prosecuting agency, the Rogers County District Attorney's Office, has lost jurisdiction and is legally unable to refile the charge or charges because of the McGirt decision. The Rogers County District Attorney's Office has not confirmed that "the charge or charges will not be refiled." Therefore I would affirm the Court of Civil Appeals.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
2001 OK CR 16, 29 P.3d 591, 72 OBJ 1860, 
HOOVER v. STATE
Discussed

Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
1998 OK CIV APP 103, 959 P.2d 607, 69 OBJ 2920, 
State of Oklahoma v. McMahon
Discussed

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2009 OK 61, 222 P.3d 1058, 
STATE ex rel. PROTECTIVE HEALTH SERVICES STATE DEPT. OF HEALTH v. VAUGHN
Discussed

 
2014 OK 23, 326 P.3d 496, 
IN RE: INITIATIVE PETITION NO. 397, STATE QUESTION NO. 767
Discussed

 
1951 OK 386, 239 P.2d 754, 205 Okla. 618, 
UNITED STATES FID. & GUAR. CO. v. BRISCOE
Discussed

Title 22. Criminal Procedure

 
Cite
Name
Level

 
22 O.S. 18, 
Expungement of Criminal Records
Discussed at Length

 
22 O.S. 19, 
Procedure for Sealing Records - Reimbursement of Fees
Discussed

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA