OSCN Found Document:IN THE MATTER OF L.D., AN ALLEGED DEPRIVED CHILD

 

 
 IN THE MATTER OF L.D., AN ALLEGED DEPRIVED CHILD2026 OK CIV APP 20Case Number: 122950Decided: 05/19/2026Mandate Issued: 06/24/2026COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2026 OK CIV APP 20, __ P.3d __

 

IN THE MATTER OF L.D., AN ALLEGED DEPRIVED CHILD,
DENNIS DOUGHTEN, Appellant,
vs.
STATE OF OKLAHOMA, Appellee.

APPEAL FROM THE DISTRICT COURT OF
JACKSON COUNTY, OKLAHOMA

HONORABLE SOMMER K. ROBBINS, TRIAL JUDGE

AFFIRMED

Kyle N. Eastwood, BUZBEE, UPCHURCH, SQUIRES & EASTWOOD, Anadarko, Oklahoma For Appellant

Megan Mefford Carothers. ASSISTANT DISTRICT ATTORNEY, DISTRICT 3 DISTRICT ATTORNEY'S OFFICE, Altus, Oklahoma For Appellee

JANE P. WISEMAN, PRESIDING JUDGE:

¶1 Dennis Doughten (Father) appeals a trial court order denying his motion to grant use immunity in this deprived child action. The sole issue on appeal is whether the trial court was required to grant Father's application for use immunity pursuant to 10A O.S. § 1-4-508

FACTS AND PROCEDURAL HISTORY

¶2 The State of Oklahoma filed a petition to adjudicate LD deprived as to Father and Starla Cassandra Mills (Mother). State alleged Father sexually abused LD, and when she disclosed the sexual abuse to Mother, Mother failed to protect LD. State filed a "Motion for Determination that Reasonable Efforts are not Required to Prevent the Removal of Children from Home or Reunify Children with the Parents." State alleged, "Father sexually assaulted the child in a heinous and shocking manner as filed in Jackson County CF-2024-151." It further alleged, "Mother neglected the child in a heinous and shocking manner by allowing the child's father to sexually abuse the child after the child disclosed the abuse to the mother."

¶3 At the hearing on State's motion on February 11, 2025, Father's counsel made an oral motion for immunity pursuant to 10A O.S. § 1-4-50810A O.S. § 1-4-508

¶4 The trial court instructed Father that his "request for use immunity has been denied, however, [he] still [has] the right to invoke the Fifth Amendment" and that his attorney "will be able to provide [him] legal advice regarding that if that issue comes up." During his testimony, Father invoked his 5th Amendment right not to incriminate himself on multiple occasions.

¶5 In an order filed February 19, 2025, the trial court noted that State objected to Father's request for use immunity. The trial court denied Father's request finding, "The father is currently incarcerated awaiting formal arraignment for charges based on the facts alleged in this deprived matter. The father was advised of his right to plead the 5th [A]mendment." The trial court did grant Mother's request for use immunity. The court further found, "State has met its burden, and that both [Father] and [Mother] subjected [LD] to aggravated circumstances of heinous and shocking sexual abuse and neglect."

¶6 Father appeals.

STANDARD OF REVIEW

¶7 The resolution of this matter requires the Court to determine whether the trial court was required to grant Father use immunity pursuant to 10A O.S.2021 § 1-4-508de novo." Brassfield v. State, 2024 OK 9544 P.3d 938Id. We will therefore examine this question without deference to the trial court's reasoning or result.

ANALYSIS

¶8 Father's sole proposition of error on appeal is that the trial court erred in denying his request for use immunity. Father sought use immunity pursuant to 10A O.S.2021 § 1-4-508

A. At any stage of a proceeding under the Oklahoma Children's Code:

1. The parent or legal guardian, the child's attorney, or the district attorney's office may apply for use immunity for a parent or legal guardian for in-court testimony. The in-court testimony of an immunized parent or legal guardian shall not be used against that parent or legal guardian in a criminal prosecution; provided, however, that the parent or legal guardian may be prosecuted for perjury that occurs during the testimony of the parent or legal guardian in a deprived proceeding . . . .

Father advocates an interpretation of this statute which requires the trial court to grant a request for use immunity by a parent.

¶9 "When the Court examines a statute, our primary goal is to determine legislative intent through the 'plain and ordinary meaning' of the statutory language." Brassfield v. State, 2024 OK 9544 P.3d 938Multiple Injury Tr. Fund v. Garrett, 2017 OK 62408 P.3d 169Huffman v. Oklahoma Coca--Cola Bottling Co., 1955 OK 76281 P.2d 436Huffman, 1955 OK 76

¶10 The Huffman Court noted that "50 Am.Jur., Statutes, Sec. 229," instructed:

"'Where the language of the statute is clear in limiting its application to a particular class of cases and leaves no room for doubt as to the intention of the legislature, there is no authority to transcend or add to the statute which may not be enlarged, stretched, or expanded, or extended to cognate or related cases not falling within its provisions.'"

Id.

¶11 The Legislature in § 1-4-508(A)(1) did not mandate that a trial court grant a parent's request for use immunity. This provision only allows a parent, or other specified persons, to apply for use immunity and, if granted, prohibits the use of his or her testimony against him or her in a criminal prosecution. "We are not inclined to add requirements to a statute that the Legislature chose not to impose." Dobson Tel. Co. v. State ex rel. Oklahoma Corp. Comm'n, 2019 OK 24441 P.3d 138

¶12 It is clear to us that the Legislature's choice of the phrase "may apply for use immunity" in § 1-4-508 means precisely what it says--a parent may seek the court's permission to be granted use immunity which the trial court must decide after considering all the pertinent circumstances. There are certainly circumstances under which the trial court should not grant use immunity or it runs the risk of allowing a principal malefactor to escape all legal consequences of his or her culpable conduct. One may invoke one's rights under the 5th Amendment, but there is no right to invoke use immunity--otherwise, no application, as the statute requires, would be necessary. In short, asking is not invoking.

CONCLUSION

¶13 We find nothing in 10A O.S.2021 § 1-4-508

¶14 AFFIRMED.

HIXON, C.J., and FISCHER, J., concur.